## William M. King *v.* International Publishing Company, Appellant.

*Contract—Executed contract—Condition precedent.*

An agreement to employ a book canvasser as state agent at a fixed salary upon sale of twenty-five copies of a certain work becomes binding upon the performance of the condition precedent. The obligation cannot be avoided by proof of evasive and different propositions made after the first contract became executed or operative.

Argued Dec. 17, 1896. Appeal, No. 167, Nov. T., 1896, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1896, No. 1123 for plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts sufficiently appear in the opinion of the Superior Court.

Judgment for plaintiff for $610.50 with interest. Defendant appealed.

*Errors assigned* were, (1,2) entry of judgment in favor of plaintiff.

*Thomas R. Elcock*, with him *Louis Hutt*, for appellant.

*J. Willis Martin*, with him *Wm. Y. C. Anderson*, for appellee.

OPINION BY ORLADY, J., January 18, 1897:

Prior to June 4, 1895, the parties to this suit had been in correspondence in regard to the plaintiff representing the defendant as an agent. From some cause the negotiations ceased. On the above date they were renewed by the defendant writing that it had consolidated with two other firms and had become, "the leading subscription book house in the entire world," and suggesting the details of employment of state agents in very alluring terms. On June 18, 1895, the plaintiff

answered, " In reply to yours under date of June 14, 1895, will say I am at present getting $50.00 per month, and will not quit a sure thing for an uncertainty, so if you mean just what you have written and will give me a document that will guarantee me the position in question after I have sold and paid for 25 or more books entitled (The International Cyclopedia of Practical Knowledge) I will order outfit for preparatory work."

On July 6, the defendant answered, inter alia, " As you say, you desire something more than our word in this matter, we send herewith a document signed by one of the officers of our Company and stamped with our corporate seal, *which insures you the position when you have disposed of* 25 *or* 30 *copies of our book entitled,* ' *International Cyclopedia.*' *We certainly mean business in this matter.*" The document inclosed was in the following form : " This is to certify that the International Publishing Company of Philadelphia, Pa. hereby agrees to employ W. M. King, Tallapoosa, Ga. in the capacity of State agent when he has sold and paid for 25 copies of International Cyclopedia. It is mutually agreed that when the said International Publishing Company employs the said W. M. King, in the capacity of State agent as above specified that they will enter into a yearly agreement with him for a salary of $780 payable weekly, with all incidental expenses in connection with the business, such as cost of advertising, expressage on stock, stationery, postage, etc.

"INTERNATIONAL PUBLISHING COMPANY.

"By R. A. BRYNE, Vice Pres."

The plaintiff accepted the offer and resigned from the position he was then holding ; sold and paid for the stipulated number of books ; fulfilled all conditions prescribed by the defendant as necessary to qualify him to act as agent and held himself ready to represent the company for the term mentioned. A number of letters passed between the parties without changing the plaintiff's rights, but the defendant refused to comply with the offer of July 6 ; repudiated its contract, and in the additional supplemental affidavit of defense, exhibit an entirely different proposition, in an ingenious, but manifestly unfair way.

The offer and acceptance constitute the terms of the contract.

The plaintiff did all the defendant had a right to expect of him, and the letter of July 6, with the inclosure, made the defendant liable as soon as the condition imposed therein had been performed.   The three affidavits filed were not sufficient.

The assignments of error are overruled and the judgment is affirmed.